UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAMBE CAE JOHNSON EALEY,

       Plaintiff,                               Case No. 1:13-cv-802

v.                                               HON. JANET T. NEFF

ROCKFORD CONSTRUCTION COMPANY
and ASSOCIATED CONSTRUCTION,

       Defendants.
_____/

**OPINION**

This is the second time Plaintiff's personal injury claims have been before this Court to recover for injuries to her foot from a fire extinguisher that fell after she hit it with her shopping cart in a Meijer store. In the previous case, *Johnson v. Meijer, Inc.*, No. 1:12-cv-78, Magistrate Judge Ellen S. Carmody granted summary judgment in favor of Meijer, Inc., and the Sixth Circuit Court of Appeals affirmed on appeal.[1] Plaintiff subsequently filed this case seeking recovery from Defendants Rockford Construction Company ("Rockford"), the general contractor that renovated the Meijer store in 2008, and Associated Construction ("Associated"), Rockford's subcontractor that was in charge of installing the fire extinguisher. Pending now before the Court are Rockford's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6)[2] (Dkt 65) and Associated's Motion to Dismiss (Dkt 62). Having fully considered the parties' briefs and the record, the Court concludes

---

[1] Plaintiff filed the previous case as Bambe Cae Johnson.

[2] Rockford's Motion is improperly titled a motion for "Summary Judgment," but it is clear the motion seeks dismissal pursuant to Rule 12(b)(6).

that oral argument is unnecessary to resolve the pending motions. *See* W.D. Mich. LCivR 7.2(d). For the reasons that follow, the Court grants both motions.

## I. Facts

The underlying facts were succinctly set forth in the Court of Appeals' opinion:

> In August 2010, Bambe Cae Johnson was pushing a shopping cart through the aisles at a Meijer store in Battle Creek, Michigan. Her granddaughter's car seat was in the front of the cart, partially obstructing Johnson's view. At some point, Johnson continued walking while she turned her head to look behind her. The handle of her shopping cart struck a fire extinguisher mounted in plain view on a column. The impact caused the extinguisher to fall, injuring Johnson's toe.

*Johnson v. Meijer, Inc.*, 551 F. App'x 259, 260 (6th Cir. Jan. 23, 2014).

After Plaintiff's case against Meijer was dismissed, she filed this second personal injury suit based on the same August 2010 incident, but against Tyco Fire Products LP,[3] the manufacturer of the fire extinguisher, Rockford, and Associated. Plaintiff's initial complaint in this action filed on July 26, 2013, alleged virtually the identical allegations as in the dismissed Meijer case. Plaintiff subsequently filed an amended complaint on February 5, 2014, alleging negligent conduct on the part of Defendants Associated and Rockford. Both Defendants now seek dismissal.

## II. Legal Standards

Fed. R. Civ. P. 12(b)(6) authorizes the court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted[.]" In deciding a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff and accept

---

[3] Tyco Fire Products LP, the designer and manufacturer of the fire extinguisher, was substituted for Pyro-Chem by stipulation (Dkt 17). Plaintiff subsequently voluntarily dismissed Tyco with prejudice.

all well-pleaded factual allegations in the complaint as true. *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014).

To survive a motion to dismiss, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

### III.  Analysis

Defendants advance several grounds for dismissal of this case,[4] including, foremost, that this action is essentially Plaintiff's premises liability claim realleged as ordinary negligence in an attempt to avoid the preclusive effect of the prior dismissal of her claims asserted against Meijer. This Court agrees.

"'Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land.'" *Jahnke v. Allen*, ___ N.W.2d ___; No. 317625, 2014 WL 7151741 (Mich. Ct. App. Dec. 16, 2014) (quoting *Buhalis v. Trinity Continuing Care Servs.*, 822 N.W.2d 254, 258 (2012)). "In the latter case, liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Buhalis*, 822 N.W.2d at 258; *Laier v. Kitchen*, 702 N.W.2d

---

[4]There are no distinguishing grounds requiring separate consideration of the motions for purposes of the Court's analysis. (Plaintiff likewise provides a single response to the separate motions.)

199, 208 (Mich. Ct. App. 2005). "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis*, 822 N.W.2d at 258.

In her amended complaint, Plaintiff attempts to characterize (or more appropriately, "recharacterize") this action as one sounding in negligent conduct by parties involved in the renovation of the building and the installation of the fire extinguisher, rather than a condition of the premises. Plaintiff cites as key to her claim of negligent conduct, the allegations in Paragraph 14 of her First Amended Complaint (FAC) (Dkt 37) that Defendants were negligent in "numerous particulars":

a. Installing a kitchen fire extinguisher in an area not appropriate to its installation;

b. Failing, neglecting and refusing to comply with NFPA Guidelines, including but not limited to #10;

c. Failing, neglecting and refusing to recognize that the area where the fire extinguisher was located was a high-traffic area in the store;

d. Placing the subject fire extinguisher on a column in a high-traffic area in the store;

e. Failing, neglecting and refusing to utilize a strap, as opposed to a hook, to secure the fire extinguisher where it was placed, contrary to the aforementioned NFPA Guidelines and industry standards;

f. Failing, neglecting and refusing to utilize screws in all three of the holes in the mounting plate, instead of just one of the three; as a result of which the bracket was allowed upon contact to move in pendulum fashion, lose stability and fall to the floor;

\* \* \*

      i.    Failing to duly inspect the fire extinguisher and its placement on the pillar on which it was located to insure that it was safe, well secured and stable.

(Pl. Resp., Dkt 66 at 2-3, quoting FAC ¶ 14).

However, "[c]ourts are not bound by the labels that parties attach to their claims. Indeed, '[i]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim.'" *Buhalis*, 822 N.W.2d at 258 (citations omitted). Plaintiff's allegations framed in terms of negligent conduct, do not change the essential character of her claim, which arises from a condition of the premises where she was a business invitee—not from the independent conduct of the defendant contractors.

At the outset of its January 23, 2014 decision affirming the dismissal of Plaintiff's predecessor case, the Sixth Circuit aptly characterized Plaintiff's case:

> While Bambe Cae Johnson was shopping at Meijer, she accidentally—one might say negligently—rammed her shopping cart into a fire extinguisher mounted waist-high. The extinguisher fell and injured her toe. Johnson sued Meijer for negligence.

*Johnson*, 551 F. App'x at 260. The Sixth Circuit concluded that the magistrate judge's grant of summary judgment to Meijer was proper, stating:

> Here, it is undisputed that the fire extinguisher was mounted in plain view. And we agree with the district court that the risk that the extinguisher might dislodge if struck by a loaded shopping cart—thereby inducing gravity to drop the extinguisher to the floor—was open and obvious. That Johnson was looking away makes no difference; the standard is objective. *See Novotney v. Burger King Corp.*, 499 N.W.2d 379, 381 (Mich. Ct. App. 1993). Meijer therefore owed Johnson no duty to protect Johnson from the risk that the extinguisher might dislodge if she struck it with her cart.
>
> Moreover, Johnson has no evidence—direct or circumstantial—that would allow a jury to find that Meijer was somehow negligent in the manner it secured the extinguisher. To the contrary, Julie Dreyer, a Meijer employee at the corporate headquarters, stated in her affidavit that the extinguisher had been inspected by local

> building code officials and the fire marshal, and that it complied with all applicable state and other codes. Nor does the doctrine of *res ipsa loquitur* apply here, because—contrary to Johnson's assertion—it was foreseeable that even a properly secured fire extinguisher might fall to the floor if struck by a loaded shopping cart. *See Rose v. McMahon*, 158 N.W.2d 791, 792-93 (Mich. Ct. App. 1968). Finally, we entirely agree with the magistrate judge's decision to strike Johnson's expert on reliability grounds, for the reasons stated in the judge's thoroughly reasoned opinion.

*Johnson*, 551 F. App'x at 260.

Plaintiff's First Amended Complaint acknowledges that at the time of the fire extinguisher incident "Meijer, Inc. owned, operated, controlled and/or maintained the store" in which she was injured, and that she "was, at all relevant times, a business invitee of Meijer inasmuch as, on the date of the subject incident, Plaintiff was a customer at the store, attempting to purchase merchandise on the subject premises" (FAC ¶¶ 6-7).

Despite recasting her allegations in terms of "negligent conduct" by Defendants, the foundational facts and circumstances of the incident giving rise to her injuries are unchanged: Plaintiff, a business invitee, ran her shopping cart into the fire extinguisher mounted on the wall of the Meijer store, it dislodged and fell onto her foot. Plaintiff's injuries arise from a condition of the land and sound in premises liability.

As Defendant Associated points out, Plaintiff's claims are akin to circumstances in numerous cases in which the courts have found the claims to sound in premises liability rather than ordinary negligence. *See Kachudas v. Invaders Self Auto Wash, Inc.*, 781 N.W.2d 806, 914 (Mich. 2010) (order reversing court of appeals decision, No. 281411, 2009 WL 2767303 (Mich. Ct. App. Sept. 1, 2009)) (rejecting claim that the defendant was negligent in its operation of a car wash because the malfunctioning heating system in the wash bay created the icy surface upon which the plaintiff fell; ruling instead that because an icy surface is a condition of land, the plaintiff's claim sounded

"exclusively in premises liability"); *Jahnke,* 2014 WL 7151741 (injury to the plaintiff from falling when her foot went off the edge of concrete pavers while the defendant was escorting her arm-in-arm across his property was one of premises liability, not negligent conduct, even though the defendant had removed some pavers during his landscaping project); *Campbell v. H.J. Larson, Inc.*, No. 308496, 2013 WL 2360544, at *2 (Mich. Ct. App. May 30, 2013) (claim stemming from tripping on a food tray stand in a restaurant and falling, alleging the fall was caused by the restaurant employee's conduct in failing to safely store the tray stand, arose from "the physical state of the premises"; "[t]he employee's conduct was negligent only because it created an unsafe condition in the restaurant, rendering this a premises liability action"). *See also Cerrito v. K-Mart Corp.*, No. 294660, 2011 WL 1519649 (Mich. Ct. App. April 21, 2011) (claim that a statue had not been properly fastened to a shelf, fell and injured the plaintiff, was analyzed under premises liability principles); *Vance v. TJX Cos., Inc.*, No. 10-13510, 2011 WL 3840341 (E.D. Mich. Aug. 30, 2011) (injury from a metal wall hanging in a store falling on the plaintiff, even accepting as true that she had not touched the wall hanging and claimed that it had not been properly secured to the wall, "occurred as a result of the conditions of the premises").

Plaintiff's claims in the instant case arise from a condition of the premises, and are properly dismissed for the same reasons above that her claims against Meijer were dismissed. No duty was owed to protect Plaintiff from the fire extinguisher because any danger was open and obvious, i.e.,"'an average user with ordinary intelligence would [be] able to discover the danger and the risk presented upon casual inspection.'" *See Johnson*, 551 F. App'x at 260 (citation omitted).

### IV. Conclusion

Plaintiff has failed to show any viable claim against Rockford or Associated. Accordingly,

Defendant Rockford Construction Company's Motion for Summary Judgment (Dkt 65) and Defendant Associated Construction's Motion to Dismiss (Dkt 62) are granted.  An Order and corresponding Judgment will be entered consistent with this Opinion.  *See* FED. R. CIV. P. 58.


Dated: March  30 , 2015           /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        United States District Judge